## STATE VS. GREEN.

If in an indictment for perjury the substance of the offence is charged, by what court the oath was administered, averring that the court had authority to administer the oath with proper averments to falsify the matter whereof the perjury is charged, it is sufficient. (*Sec. 7, art. 2, ch. 51, Gould's Dig.*)

Where an indictment for perjury charges that in the false oath "the defendant was duly sworn" by the foreman of a grand jury, "to speak the truth concerning all such legal questions as might be asked him by the said" foreman, it is sufficient; the foreman of a grand jury having authority to administer such an oath.

*Error to Ouachita Circuit Court.*

Hon. JOHN T. BEARDEN circuit judge.

JORDAN attorney general, for the state.

The indictment contains all the requisites of a good and sufficient indictment. *Gold's Dig.*, ch. 51, sec. 7, 361; *Wh. A. Cr. Law*, 2191.

The substance of the oath need only be stated in an indictment for perjury. *Roscoe Cr. Evidence*, 749, 750, 766.

Mr. Justice CLENDENIN delivered the opinion of the court.

Isaac Green was indicted in the circuit court of Ouachita, at the December term, 1866, for the crime of perjury. He was arrested and plead not guilty, and on the trial the jury found him guilty and assessed his punishment; and the defendant then by his counsel moved in arrest of judgment, which motion being sustained the defendant was discharged, and the state sued out her writ of error to this court.

The indictment charges, after a formal and proper caption, that Isaac Green, (a freedman) late of the county of Ouachita aforesaid, was then and there duly subpœnaed to appear and give evidence before the grand jury, which was duly elected, empanneled, sworn and charged to inquire in and for the body of the

county of Ouachita in the state of Arkansas, at the June term
of the circuit court, in the year of our Lord one thousand eight
hundred and sixty-six, of which said grand jury Joseph M. Gra-
ham was duly appointed foreman, and the said Isaac Green (a
freedman) was duly sworn to speak the truth concerning all such
legal questions as might be asked him by the said Joseph M.
Graham, who, by his position as foreman of said grand jury, was
authorized to administer oaths to witnesses who were called to
give evidence before said grand jury, and he, the said Isaac
Green (a freedman,) did then and there swear that he had seen
Lewis Word (a freedman) play a game with cards called seven
up, and bet money on the game, which evidence was material
before said grand jury in finding a bill of indictment for gaming
against the said Lewis Word; and afterwards, to wit: at the
county of Ouachita, in the state of Arkansas aforesaid, at the
December term thereof, in the year 1866, the said Isaac Green
aforesaid wickedly and wilfully contriving and intending wrong-
fully to aggrieve the state of Arkansas by screening from legal
and just sentence of the law of the aforesaid state of Arkansas,
Lewis Word (a freedman) as aforesaid, on the 15th of December,
1866, at the county of Ouachita aforesaid, in a certain cause then
pending and being tried in the circuit court of the county of
Ouachita, in the state of Arkansas, between the state of Arkansas
as plaintiff, and Lewis Word (a freedman) defendant, the said
Isaac Green being duly sworn before said court as a witness on
the part of the state of Arkansas, in said cause, to testify the
truth, the whole truth and nothing but the truth, concerning the
matters in question in said cause, the said court having then and
there sufficient and competent power and authority to administer
said oath, and certain questions then becoming and being material,
that is to say, whether or not the said Isaac Green had seen the
aforesaid Lewis Word play a game with cards, called seven up,
and bet money on the same, within the last twelve months before
the finding of the said indictment, meaning the indictment found
at the June term of the circuit court for Ouachita county, in the

state of Arkansas, in the year 1866, against Lewis Word (a freed-man) for gaming as aforesaid, the said Isaac Green then and there, before said court, upon his said oath, falsely, maliciously, willfully and corruptly did depose, swear and give evidence in substance and to the following effect, to wit: that he the said Isaac Green had not seen the said Lewis Word play a game with cards called seven up and bet money on the same, and so, then and there, upon his said oath, did falsely, wickedly, willfully and corruptly, commit willful and corrupt perjury." This is the substance of the indictment, with a correct and proper conclusion.

The causes assigned in the court below to arrest the judgment in that court were as follows:

1st. Because said indictment fails to aver that said defendant was sworn before the grand jury in reference to knowing or having seen the said Lewis Word play cards for money.

2d. Because said indictment alleges that said defendant was sworn by the foreman of the grand jury to speak the truth concerning all such legal questions as might be asked him by the foreman of the grand jury, without alleging that he was sworn to answer questions in reference to said Lewis Word, or any other particular case or person, and that the said foreman had no authority to administer such general oath.

3d. Because the matters which are charged in said indictment as perjury, are not shown therein to be material to the issue to be tried, in that the said indictment does not show that he had seen said Lewis Word play the said game of cards for money twelve months next before the June term, 1866, of the Ouachita circuit court, when before the said grand jury; and in that the said indictment fails to show that the defendant, on the trial of Lewis Word in the circuit court aforesaid, swore that he had not seen Lewis Word within twelve months next before the June term, A. D. 1866, of the said circuit court last, at which time a bill of indictment was found against said Word.

4th. Because said bill of indictment fails to allege that the testimony of the defendant, in the circuit court, was given upon

the trial of Lewis Word upon the indictment found against said Word on the testimony of the defendant given before the grand jury at the said June term of this court.

5th. Because said indictment fails to show the nature of the offence for which the said Lewis Word was being tried in the circuit court, upon which trial said indictment alleges that this defendant committed perjury.

6th. Because the allegations in the said indictment fail to make out the crime of perjury against this defendant.

7th. Because said indictment is uncertain and does not describe the oath taken by the defendant, wherein he is charged to have committed perjury with sufficient accuracy, should defendant have been acquitted, to prevent his being put upon his trial a second time for the same offence, and because said indictment is otherwise informal and defective."

Most of the objections thus taken to the indictment might have deserved consideration, if indictments for perjury now required the same details and recitals as the law required for indictments for the same offence at common law; but by our statute, and that of most of the states, that strictness in the details and recitals of an indictment for perjury is not required. If the substance of the offence is charged, by what court the oath is administered (averring that the court had authority to administer the oath) with proper averments to falsify the matter wherein the perjury is charged, it is now sufficient. See *Sec.* 7, *art.* 2, *chap.* 51, *Gould's Digest.*

Yet notwithstanding this statute, the law requires that all indictments preferred against the violators of law should be sufficiently clear and explicit, to enable the person charged with an offence to know with certainty what he is called upon to answer. We have given the indictment shown to us by the transcript in this case a close scrutiny, and testing it by the precedents and authorities and by our own statute, we think it contains all the requisites of a good indictment. It sets out clearly and distinctly what the defendant swore before the grand jury. It charges distinctly and

clearly the false swearing before the circuit court, and the intent with which it was done ; that it was done before a competent court, or the trial of a cause before that court, and that the testimony was material to the trial and to the issue before the court. It has a good caption; it avers with certainty time, place and circumstance, and concludes properly, and according to our statute has all the substance of a good indictment. The de. fendant could see by the indictment what he was called upon to answer.

But the defendant, by his first and second causes in arrest of judgment, objects to the form of oath administered by the foreman of the grand jury. Our statute has not prescribed any particular form of oath to be administered to witnesses testifying before the grand jury. The 68 *section of chapter* 52, *Gould's Digest*, enacts that "the foreman of any grand jury, from the time of his appointment until his discharge, shall have full power and authority to administer any oath in the manner prescribed by law to any witness who shall appear before such grand jury, for the purpose of giving evidence in any matter cognizable by law." The indictment avers the form of oath administered by the foreman : "That the defendant was duly sworn to speak the truth concerning all such legal questions as might be asked him by the said Joseph M. Graham," the foreman of the grand jury. This form of oath we think was sufficient, and that the foreman had authority to administer it.

The 3d, 4th, 5th, 6th and 7th causes assigned in arrest of judgment, we do not think are sustained by the indictment, as we have copied it from the transcript, and by the view we have already taken of the sufficiency of the indictment; and the circuit court therefore erred in sustaining the motion and arresting the judgment in this case ; and for that error this case must be reversed and remanded to the circuit court with directions to proceed with said case.