THE CITY OF GRAND RAPIDS v. EDWIN A. BURLINGAME, JUDGE OF THE SUPERIOR COURT OF GRAND RAPIDS.

*Constitutional law—Title of act—Mandamus—Default—Practice in Supreme Court.*

1. The object of Act No. 358, Local Acts of 1891, entitled "An act to establish permanent dock, safety, sanitary, and building lines along the shores and margins and in the waters and on the bed of Grand river, within the corporate limits of the city of Grand Rapids, and to provide for the building and maintaining of suitable masonry walls along such lines, and to authorize the city of Grand Rapids to acquire private property for such public use," is to establish one line for all of the purposes named, and, considered in this light, the title fulfills the requirements of the Constitution.

2. Under Supreme Court Rule No. 63, which provides that "in proceedings for *mandamus,* where an order to show cause has been made, the respondent must answer fully every material allegation of the petition, and every material averment not so answered may be taken admitted by the respondent to be true as alleged, and, in case no answer is made and filed as required by such order, the Court, upon due proof of service of the order, will award a peremptory *mandamus* as prayed for,

102 MICH.—21.

or enforce obedience to the order by process for contempt," the failure of the judge of the superior court of Grand Rapids to answer an order to show cause why he should not be compelled to vacate an order by him made dismissing the petition of the city of Grand Rapids for the establishment of permanent dock, safety, sanitary, and building lines along the shores and margins and in the waters and on the bed of Grand river, as provided by Act No. 358, Local Acts of 1891, on the ground that said act is unconstitutional, amounts to an admission by the respondent and the contesting property-owners that all of the material averments of the petition for the writ are true, and a peremptory *mandamus* should issue as prayed.

3. The petition for *mandamus* gave said property-owners their day in court, and the order of the Supreme Court, overruling the order of the superior court, is conclusive and binding upon them as to all questions raised by their answers; but, inasmuch as it is possible that, since the original petition was filed, other parties may have acquired interests in the premises by transfer, mortgage, or otherwise, the relator should be allowed to amend said petition by making such persons, if any there are, parties.

*Mandamus.* Argued October 2, 1894. Granted October 16, 1894.

Relator applied for *mandamus* to compel respondent to set aside an order dismissing its petition for the establishment of permanent dock, safety, sanitary, and building lines along the shores of Grand river. The facts are stated in the opinion.

*William Wisner Taylor* (*Henry J. Felker,* of counsel), for relator.

GRANT, J. The title to Act No. 358, Local Acts of 1891, reads as follows:

"An act to establish permanent dock, safety, sanitary, and building lines along the shores and margins and in the waters and on the bed of Grand river, within the corporate limits of the city of Grand Rapids; and to provide for the building and maintaining of suitable masonry

walls along such lines; and to authorize the city of Grand Rapids to acquire private property for such public use."

The body of the act provides the method of procedure for the establishment of such lines, and the condemnation of property necessary for the purpose. Acting under this statute, the relator filed a petition in the superior court of Grand Rapids to secure the establishment of such lines on the east and west sides of Grand river. Certain parties defendant answered the petition, and attacked the constitutionality of the act upon various grounds. The respondent entered an order dismissing the petition, holding the act unconstitutional. The relator thereupon filed a petition for the writ of *mandamus* in this Court to compel the respondent to vacate said order of dismissal. An order to show cause was granted, and a copy of such order and of the petition was duly served upon the respondent. No answer has been filed, and none of the parties interested have appeared in this Court to contest the issuance of the writ.

Under Supreme Court Rule No. 63, all the material averments in the petition are admitted by the respondent and the parties interested to be true; and a peremptory *mandamus* should issue as prayed.

It is insisted, however, by counsel for the relator, that, inasmuch as this is a case of public importance, the determination ought not to rest upon a default order. The obvious reply to this is that constitutional questions ought not, as a rule, to be determined by courts upon *ex parte* arguments. This petition has given the defendants in that proceeding their day in court, and the order in this Court, overruling the order of the court below, is conclusive and binding upon them as to all questions raised by their answers.

There is, however, one question which we are requested to determine, which seems so clear that we feel justified

in acceding to the request of counsel. It is claimed that the title to the act contains more than one object, and is therefore multifarious. This appears to be based upon an erroneous construction of the title,—that it provides for different lines, for different purposes. We do not think it was intended to provide for the establishment of one line for docks, another for sanitary purposes, another for safety, and still another for building. The object was to establish one line for all these purposes. Considered in this light, the title fulfills the requirements of the Constitution.

The writ of *mandamus* will issue; and inasmuch as it is possible that, since the petition was filed, other parties may have acquired interests in the premises by transfer, mortgage, or otherwise, the relator will be allowed to amend its petition in the superior court, making such persons, if any there are, parties. The relator will recover costs.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.