PEOPLE *v.* McGLAUGHLIN.

1. CONSTITUTIONAL LAW — TITLE OF ACT — MARRIAGE — CIVIL
   LICENSE.
     Act No. 128, Pub. Acts 1887, as amended by Act No. 256, Pub.
     Acts 1889 (3 How. Stat. § 6222*a et seq.*), entitled "An act for
     the requiring of a civil license in order to marry, and the
     due registration of the same, and to provide a penalty for the
     violation of the provisions of the same," does not conflict
     with section 20, art. 4, of the Constitution, providing that
     "no law shall embrace more than one object, which shall be
     expressed in its title,"—the several provisions of the act,
     including that of section 6, which makes it a misdemeanor to
     join parties in marriage unless a proper license is delivered,
     being germane to the object expressed in the title.

2. SAME—CRIMINAL PROSECUTION—DEFENSES.
     Upon a prosecution for a violation of said section, it is no
     defense that one of the parties was under a legal disability to
     enter into the marriage relation.

Exceptions before judgment from Berrien; Coolidge, J. Submitted January 31, 1896.   Decided March 3, 1896.

Daniel J. McGlaughlin was convicted of performing a marriage ceremony without having received from the parties the license required by law.   Conviction affirmed.

*Richard Price*, for appellant.

*N. A. Hamilton*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent is a clergyman, who, on the 26th day of February, 1895, performed a marriage ceremony between James F. McNamar and Emma Nagle. At the time of such ceremony, James McNamar had a former wife living, and was afterwards convicted of bigamy in the circuit court of Berrien county, and sentenced to the state prison.   At the time of such ceremony, McNamar represented to the respondent that he had applied for and procured a license to marry from the county clerk, and that the same was on its way in the mail.   As a matter of fact, he had made no such application, and no license was issued to him by the county clerk. Neither of the parties to said marriage procured the license provided for by sections 6222*a*–6222*k*, inclusive, of 3 How. Stat.   The respondent was complained against for a violation of the provisions of Act No. 128, Pub. Acts 1887, as amended, in performing this ceremony under the circumstances stated, was tried, and found guilty.   He brings the case here on a bill of exceptions.

The first assignment of error reads:

"The complaint and warrant filed against respondent are defective, and do not charge him with an offense under the laws of this State; the act upon which they are based being unconstitutional and void—

"1. Because it does not comply with section 20 of article 4 of the Constitution of Michigan, in that it embraces more than one object, and the same are not expressed in its title.

"2. Because said act embraces more than one object.

"3. Because the title of said act does not express its object.

"4. Because that portion of said act with the violation of which respondent is charged is not expressed in the title of said act."

Section 20, art. 4, of the Constitution, provides: "No law shall embrace more than one object, which shall be expressed in its title."   The title of the act in question reads:   "An act for the requiring of a civil license in order to marry, and the due registration of the same, and

to provide a penalty for the violation of the provisions of the same." We think this title is broad enough to cover all the provisions of the act, and that its provisions are all germane to the object expressed in its title. *People* v. *Mahaney*, 13 Mich. 494; *Kurtz* v. *People*, 33 Mich. 279; *Hall* v. *Judge of Superior Court*, 88 Mich. 438; *Canal Street Gravel-Road Co.* v. *Paas*, 95 Mich. 378; *Van Husan* v. *Heames*, 96 Mich. 507; *Bissell* v. *Heath*, 98 Mich. 476; *People* v. *Kelly*, 99 Mich. 83; *City of Grand Rapids* v. *Judge of Superior Court*, 102 Mich. 321.

It is urged that what was done by respondent is not an offense in the law; that, as it was charged, in the complaint and warrant, "that he did join together in marriage James F. McNamar and Emma Nagle, they nor either of them having delivered to him a properly issued license," etc., and as the marriage ceremony performed by the respondent did not result in a legal marriage, because of the disability of McNamar to enter into the marriage relation, what was done was simply an idle ceremony, of which the law will take no notice. This is, in effect, saying that, if he had joined in marriage, without a license, two persons who were legally qualified to marry, he would be guilty, but that, if he joined in marriage, without a license, two persons who could not legally marry, because of the disability of one of them, he would not be guilty. One of the objects of the law was to prevent the perpetration of fraud upon innocent persons by others of evil design leading them into the marriage relation, supposing it to be legal, when in fact it was void. To give the statute such a construction as counsel urge would be to defeat its purpose. The same course of reasoning would have prevented the conviction of McNamar of the offense of bigamy. According to counsel, the ceremony between McNamar and Miss Nagle was an idle ceremony. He did not marry her, and therefore cannot be convicted. It is only neces-

sary to state these propositions to show how illogical they are.

The judgment is affirmed.

The other Justices concurred.