PEARCE *v.* STATE.

Opinion delivered December 5, 1910.

1. MARRIAGE—PRESUMING TO SOLEMNIZE—INDICTMENT.—An indictment for presuming to solemnize a marriage contrary to law is sufficient under Kirby's Digest, § 5204, if it alleges that the defendant did unlawfully and wilfully presume to solemnize marriage contrary to law between persons named by then and there pronouncing them man and wife. they having no marriage license, and defendant not being authorized to solemnize marriage. (Page 8.)

2. SAME—DUPLICITY OF INDICTMENT.—Such indictment does not charge two offenses, but one offense committed in two different ways. (Page 8.)

3. SAME—PRESUMING TO SOLEMNIZE—ELECTION.—Failure to require the State to elect under an indictment charging two offenses was not prejudicial where the State offered proof of only one charge and thereby in effect made such election. (Page 9.)

4. SAME—PRESUMING TO SOLEMNIZE—CONSTRUCTION OF STATUTE.—Kirby's Digest, § 5204, defining the offense of presuming to solemnize mar-

riage contrary to law, denounces a penalty against all who, not being authorized, presume to solemnize a marriage, whether such presumption consists in purporting to be an officer or person to whom such authority is given or in assuming such authority without claiming to be such officer or person. (Page 9.)

5. CRIMINAL LAW—STATUTORY CRIME—INDICTMENT.—It is sufficient to allege a statutory crime in the language of the statute. (Page 10.)

6. MARRIAGE—UNLAWFUL SOLEMNIZATION.—One may be guilty of unlawfully presuming to solemnize a marriage though he told the parties beforehand that they could not lawfully marry. (Page 10.)

7. SAME—UNLAWFUL SOLEMNIZATION.—A conviction of unlawfully presuming to solemnize a marriage may be sustained by evidence that defendant claimed that as a notary public he was authorized to solemnize marriages, that he had the parties to join hands, read or repeated the marriage ceremony to them, and pronounced them man and wife. (Page 10.)

Appeal from Calhoun Circuit Court; *George W. Hays,* judge; affirmed.

*Warren & Smith,* for appellant.

1. The indictment is not sufficient. It does not allege that the parties to the alleged marriage contract were the one male and the other female, nor that appellant in any way purported or represented himself as authorized to solemnize the marriage rite. It is based upon section 5204, Kirby's Digest. As to what marriages are and what are not lawful, see *Id.* § § 5171 to 5176, inclusive; parties authorized to solemnize marriage, *Id.* § 5180, and conditions upon which the authority may be exercised, § 5181.

2. The second instruction given was erroneous in that it did not require the jury to find from the evidence *beyond a reasonable doubt,* but left it to them that if they *found* from the evidence that appellant performed the marriage ceremony they could find him guilty, thus taking away from the jury consideration of appellant's evidence tending to show that the matter was a mere jest, of which all parties had full knowledge, and leaving them free to find that if he repeated any marriage ceremony at all, regardless of his intentions, he was guilty.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

KIRBY, J. The appellant was indicted in the Calhoun Circuit Court for the offense of presuming to solemnize marriage con-

trary to law.  The indictment (caption omitted) is as follows:

"The grand jury of Calhoun County, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant, J. D. Pearce, of the crime of presuming to solemnize marriage contrary to law, committed as follows, towit:

"The defendant, on the 15th day of June, 1909, in Calhoun County, Arkansas, did unlawfully and wilfully presume to solemnize marriage contrary to law between Felix Holeman and Nuty Moore by then and there pronouncing between them a pretended marriage ceremony and declaring them, the said Felix Holeman and Nuty Moore, man and wife, the said Felix Holeman and Nuty Moore then and there having no marriage license, as required by law, and the said J. D. Pearce then and there not being authorized by law to solemnize marriage, against the peace and dignity of the State of Arkansas."

The appellant demurred to this indictment on the ground that it did not state facts sufficient to constitute a public offense; said demurrer was overruled, and exceptions saved.  After verdict appellant filed a motion in arrest of judgment on same ground, and it was overruled and exceptions saved.  The proof tended to show that appellant told one of the witnesses, a relative of the woman contracting marriage, that he was not a justice of the peace, but that he was a notary public, and could marry them all right, and that he did pronounce a ceremony of marriage for Felix Holeman and Nuty Moore, reading or repeating it to them after having them join hands and asking if there were objections to the marriage, and concluded by pronouncing them man and wife.  There were a good many people present, and among the number George Mahen, a preacher, who came to solemnize the marriage but learned he could not under the circumstances; that appellant was to do the marrying.  Appellant denied that he had in fact pronounced any ceremony or solemnized any marriage at all; claimed to have explained to one of the contracting parties, Henry Holeman, that he could not marry because he had a living wife, and that his purpose in going to the place of marriage was to keep the parties from marrying, as he wanted to use said Holeman as a witness in a suit he had pending in court, and did not want him to get into any trouble.  While at the party where the marriage is

alleged to have occurred, the subject of marriage came up, and some one asked appellant if he did not use to marry people. He replied that he did when he was justice of the peace. They asked him how he did it, and he repeated some kind of a ceremony. Said that no woman was present at the time, and that he did not perform any marriage ceremony; was doing all he could to prevent the marriage because he wanted to use Holeman as a witness in a case appellant had in court. That he did not in any way represent himself authorized to marry people.

The court gave, among others, the following instruction, to which exceptions were saved:

"2. The jury are instructed that if they believe from the evidence in this case that the defendant did solemnize marriage, as charged in the indictment, you will find him guilty, notwithstanding he may have told the parties before he pretended to solemnize the marriage that they could not lawfully marry."

The jury found the appellant guilty, and assessed his punishment at a fine of $100, and he appealed.

Appellant presents three questions here: Is the indictment sufficient? Did the court err in giving instruction number 2, asked by the State? And is the evidence sufficient to sustain the verdict?

The indictment is founded upon section 5204, Kirby's Digest, which reads as follows: "Any person who shall presume to solemnize marriage contrary to the provisions of this chapter, or who shall fail to officially sign and return any license to the party at the time of such marriage, shall be adjudged guilty of misdemeanor, and upon conviction thereof shall be fined in any sum not less than $100 nor more than $500."

Sections 5171 and 5176 define what marriages are and what are not lawful as to the parties to the contract. Section 5180 defines the parties authorized to solemnize marriage. Section 5181 prescribes the condition upon which ministers and priests, not including appellant among such persons named in section 5180, may exercise the authority conferred upon them.

The indictment does not charge two offenses, but one committed in two different ways by presuming to solemnize marriage contrary to law, first, between persons having no marriage

license as required by law, and, second, not being authorized by law to solemnize marriage.

Appellant at most could only have required the State to elect upon which charge it would prosecute; and if he did not waive such right by failing to do so, he has been in no wise injured nor his case prejudiced by such failure, since the State only introduced evidence upon the one charge, and thereby in effect made such election. It is true, appellant is not charged with having pretended or represented himself or purported to be one of the persons or officers authorized to solemnize marriage by this chapter, but only with "the crime of presuming to solemnize marriage contrary to law," "did unlawfully and wilfully presume to solemnize marriage contrary to law," * * * "and the said J. D. Pearce then and there not being authorized to solemnize marriage," etc. The language clearly charges defendant with wilfully presuming to solemnize marriage contrary to law, not being authorized by law to solemnize marriage; and it can make no difference, since he expressly claimed to have such authority, being a notary public, that he is not charged with pretending to be some person or officer to whom the statute gives such authority. It is the apparent purpose and intention of this statute to place all reasonable safeguards about the solemnization of marriage, society's and the State's chiefest institution, and upon which the perpetuity of both depend: "Close as sin to suffering joined" is the State's welfare with marriage linked. And it denounces a penalty against all who, not being expressly thereunto authorized by its terms, presume to solemnize it against its provisions, whether such presumption consists in purporting to be an officer, minister or priest to whom such authority is given, or in assuming and exercising such authority without claiming to be such person or officer, as did this defendant.

The offense here consists in presuming to exercise a power or authority that he knew he did not possess, and not in the pretense that he was such officer or person as the statute gave the power to. Webster defines the word "presume," when used in the sense used by the Legislature in this statute, as follows: "To venture, go or act by an assumption of leave or authority not granted; to go beyond what is warranted by the circum-

stances of the case." The allegations follow the language of the statute, and the indictment was sufficient. Sections 2228, 2241, 2242 and 2243, Kirby's Digest; *Morphew* v. *State,* 84 Ark. 487.

Appellant contends that instruction No. 2, on behalf of the State, was erroneous in that it told the jury, if they found from the evidence that he did solemnize the marriage as charged in the indictment, they would find him guilty, notwithstanding he may have told the parties before he pretended to solemnize the marriage that they could not lawfully marry, in disregard of the law as to reasonable doubt and his theory that the ceremony was performed in a spirit of fun and play and without any intention to solemnize marriage. The State's instructions fully and fairly presented the law and covered such theory. This instruction is correct, even though he may have told the parties before he pretended to solemnize the marriage that they could not lawfully marry. His offense consisted in presuming to exercise authority he represented himself to have, and did not, to solemnize the marriage, the thing they were directly interested in, being willing to risk their own judgment as to their capacity to lawfully marry and not careful of his opinion thereon. Even if they were without such capacity, it will not prevent defendant being guilty of the offense. *People* v. *McGlaughlin,* 108 Mich. 516, 66 N. W. 385.

As to the sufficiency of the evidence: Wm. Moore testified that appellant stated to him that he was no justice of the peace, but that he was a notary public, and could perform the marriage ceremony all right; that he had the parties to join hands, asked if any one objected, read the ceremony or repeated it to them, and pronounced them man and wife. Geo. Sanders did not know what the words were, but heard him ask the parties if each would take the other for husband and wife till death, and wound up by calling them husband and wife. Geo. Mahen, the preacher, was there to marry the parties, but learned he could not marry them under the circumstances, that appellant was to do the marrying. The theory of the appellant was that Felix Holeman and Nuty Moore could not legally marry, and that the appellant had so told them. It is contended that he went through the form of a marriage ceremony, but that it was done

in a spirit of play, and that the whole affair was nothing more nor less than a farce, and that all parties so understood it. This theory of the case has been decided against the appellant by the jury, under an instruction which fully and fairly presented it to them. The jury might have concluded that appellant presumed to solemnize the marriage to the exclusion of the minister, hoping thereby to keep Felix Holeman out of such trouble as would prevent him being a witness in his behalf in the case in which he expected to use him. They have found him guilty upon evidence sufficient to sustain their verdict.

Judgment affirmed.