HINSON v. STATE.

Opinion delivered October 6, 1913.

CRIMINAL LAW—RIGHT TO BE CONFRONTED BY WITNESSES—AGREEMENT OF COUNSEL.—Where the record does not show that counsel for defendant agreed that the written statement of a witness made before the grand jury might be read in evidence at the trial, the act

of the court in permitting the same to be read, *held* to deprive
defendant of his right to be confronted with the witnesses against
him, under art. 2, § 10, Const. of Ark.

Appeal from Sebastian Circuit Court, Fort Smith
District; *Daniel Hon,* Judge; reversed.

### STATEMENT BY THE COURT.

Len Hinson was convicted of the crime of grand lar-
ceny. The indictment charged that he did feloniously
steal $80, the property of one William Gray. Gray's
testimony tended to show that he met appellant at the
Corner Saloon in Fort Smith. Gray had at the time $85
or $90. Appellant took Gray to a rooming house, and
put him to bed. When Gray woke up he was sober, but
had only eighty cents left. Gray knew that he had the
money when he commenced drinking with appellant.

Another witness for the State testified that she saw
appellant and a drunken man in the alley from a third
story window. Appellant, while the man was down, took
some money out of the man's trousers and put it in his
coat pocket. He then went back of the building, looked
all around, took a roll of bills out of his pocket, put some
in one pocket and some in the other. Witness didn't
know how many bills the appellant had. She never saw
appellant nor the drunken man before that time.

The prosecuting attorney, over the objection of the
appellant, was permitted to read the testimony of Mrs.
Wise, taken before the grand jury, as follows: "Len
Hinson brought W. Gray up to my rooming house and
put Gray to bed. He came out and asked me to change
$10, so as to pay the fifty cents for bed. He told me he
would leave fifty cents at the cafe below. Hinson told
me he had known Gray for twenty years. Said he was
awful mean when he was drunk, and that I should not let
him out till the next morning, as there might be trouble.
When Gray woke up, he told me he had been robbed."

The prosecuting attorney showed that Mrs. Wise
was out of the jurisdiction of the court.

*W. H. Dunblazier,* for appellant.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

Wood, J.    The court erred in permitting the testimony of Mrs. Wise, taken before the grand jury, to be read as evidence. The record itself does not recite that appellant consented to the reading of the testimony of the witness, Mrs. Wise, taken before the grand jury, and there is no sufficient showing of consent on the part of appellant to such proceeding in the bill of exceptions.

The court, after hearing the statements of the respective counsel, stated that it was his recollection "that there was an agreement at the last term of the court that the prosecuting attorney would be permitted to read the testimony of the witnessess; that that was the ground for granting defendant a continuance at the former term."

The statements of the respective attorneys as to the purported agreement on the part of appellant were not under oath, and, at most, on the part of the prosecuting attorney, it was but a statement of his understanding or recollection of what was said by the appellant's counsel. The appellant's counsel earnestly denies that he made such an agreement, and states affirmatively what he did agree to, which was entirely different from the understanding of the prosecuting attorney. The court adopted the understanding of the prosecuting attorney as correct, stating that it was in accord with his own understanding of the agreement.

The showing made by this record is not sufficient to deprive appellant of the right given him under the Constitution, "to be confronted with the witnesses against him." Const. of Ark., art. 2, § 10.

The testimony thus introduced on behalf of the State against the appellant was prejudicial to his rights, and the court erred in admitting it.

Other errors are complained of, which may not occur again, and we deem it therefore unnecessary to discuss them.

For the error indicated, the judgment is reversed and the cause remanded for a new trial.