SMITH *v.* STATE.

Opinion delivered March 17, 1924.

1. PERJURY—INDICTMENT.—An indictment for perjury in giving false testimony before the grand jury *held* sufficiently clear and explicit.

2. PERJURY—SEVERAL ASSIGNMENTS IN SAME COUNT.—Several assignments of perjury may be contained in one count in an indictment, and all the several particulars in which the accused swore falsely may be embraced in the same count.

3. PERJURY—FAILURE TO ALLEGE DEFENDANT'S VOLUNTARY APPEARANCE.—An indictment for perjury consisting of false swearing

before the grand jury, which recited that the grand jury was investigating generally the unlawful manufacture, sale, storing, possessing and giving away of alcoholic and intoxicating liquors, and not a specific charge against the defendant, was not defective in failing to allege that defendant voluntarily appeared before the grand jury.

4. CRIMINAL LAW—ELECTION BETWEEN COUNTS.—In a prosecution for perjury, consisting of false statements made to the grand jury, refusal to require the State to elect upon which count of the indictment it would go to trial was not prejudicial error where all of the State's testimony was directed to a single count.

5. CRIMINAL LAW—ADMISSION OF TESTIMONY BEFORE GRAND JURY.— In a prosecution for perjury, consisting of alleged false statements made to the grand jury, the transcribed notes of the grand jury's stenographer, properly certified by him, were admissible in evidence under Acts 1913, p. 376.

6. PERJURY—FALSE TESTIMONY BEFORE GRAND JURY.—Both at common law and by statute, false swearing as to a material matter before a grand jury in investigations which it may make is perjury.

7. CRIMINAL LAW—EVIDENCE—NOTES OF GRAND JURY'S STENOG-RAPHER.—Acts 1913, p. 376, making the transcribed notes of accused's testimony, taken by the grand jury's stenographer, admissible as evidence, is not unconstitutional as violating accused's right to be confronted by the witnesses.

8. PERJURY—SUFFICIENCY OF EVIDENCE.—Evidence *held* to sustain a conviction of perjury.

Appeal from White Circuit Court; *E. D. Robertson,* Judge; affirmed.

*W. D. Davenport,* for appellant.

*J. S. Utley,* Attorney General, and *Jno. L. Carter,* Assistants, for appellee.

HART, J. George Smith prosecutes this appeal to reverse a judgment and sentence of conviction against him for the crime of perjury.

The first assignment of error is that the court erred in not sustaining a demurrer to the indictment. The body of the indictment is as follows:

"The grand jury of White County, in the name and by the authority of the State of Arkansas, accuses George Smith of the crime of perjury, committed as follows, to-wit: The said George Smith, in the county and State aforesaid, on the 18th day of July, A. D. 1923, on his

examination as a witness before the grand jury of said county and State, duly selected, sworn and impaneled, and in an inquiry and investigation being conducted by said grand jury as to the unlawful and felonious manufacture, sale, storing, having and giving away of alcoholic and intoxicating liquors in said county and State, and after having been duly sworn by the foreman of said grand jury, who had the authority to administer such oath, to testify to the truth, the whole truth, and nothing but the truth, feloniously, falsely and corruptly did testify that he, the said George Smith, did not drink intoxicating liquors; that he had not bought any intoxicating liquors, and that no one had given him any such intoxicating liquors within the last three years; that he had not been drunk and had not been under the influence of intoxicating liquors to any extent within the last three years, and that he had not had any intoxicating liquors in his possession within the last three years, which statements so made and the matter so testified to by the said George Smith being material to the inquiry and investigation then being conducted and made by said grand jury as aforesaid, and the testimony and statements being wilfully, feloniously and corruptly false, and being known by the said George Smith to be feloniously, wilfully, unlawfully, so made them as aforesaid, against the peace and dignity of the State of Arkansas.''

It will be observed that the indictment recites that the grand jury had under investigation the unlawful manufacture, sale, storing, possessing, and giving away of alcoholic and intoxicating liquors, and that the defendant was duly sworn as a witness before the grand jury by its foreman. The indictment states the substance of the testimony sworn to before it by George Smith, and contains proper averments of its falsity.

The charging part of the indictment is stated in language sufficiently clear and explicit to enable the defendant to know with certainty what he is called upon to answer. It sets out clearly and distinctly what the defendant swore to before the grand jury, and charges

with the same distinctness and clearness that the testimony was material to the crimes being investigated by the grand jury.

As above stated, it contains proper averments as to the falsity of the testimony of the defendant before the grand jury, and, according to our statute, has all the substance of a good indictment. *State* v. *Green*, 24 Ark. 591; *Thomas* v. *State*, 54 Ark. 584, and *Atkinson* v. *State*, 133 Ark. 341.

In the latter case it is held that several assignments of perjury may be contained in one count in an indictment, and that all the several particulars in which the accused swore falsely may be embraced in the same count. In such case proof of the falsity of any one or more of the assignments will justify conviction.

It is next insisted that the indictment is defective because it does not allege that the defendant voluntarily appeared before the grand jury. This was not necessary. The indictment recites that the grand jury was investigating generally the unlawful manufacture, sale, storing, possessing, and giving away of alcoholic and intoxicating liquors. Hence it affirmatively appears that the grand jury did not have under investigation a specific charge against the defendant.

Under our statute the grand jury had inquisitorial powers, and the questions asked the defendant were pertinent to the subject under investigation by the grand jury. Our statute protects an accused person from the use of his own testimony in the prosecution of a charge against himself. Therefore the indictment falls squarely within the rule announced in *State* v. *Roberts*, 148 Ark. 328. Hence we conclude that the indictment was valid and the averments in it sufficient to enable the defendant to ascertain fully the matters charged against him:

It is next insisted that the court erred in overruling the defendant's motion to elect upon which count the defendant should go to trial.

With regard to this assignment of error, it need only be said that there was no testimony whatever by

the State to prove any of the charges except that the defendant had been seen drunk on several occasions within the period of time covered by his testimony, as charged in the indictment. Hence the defendant could not have been prejudiced by the failure of the State to make a formal election of which count in the indictment it relied upon for a conviction. *Pearce* v. *State,* 97 Ark. 5, and *Rinehart* v. *State,* 160 Ark. 129.

The next assignment of error is that the court erred in allowing the prosecuting attorney to introduce in evidence the stenographer's certified transcript of the evidence of the defendant given before the grand jury.

Under our statute, the transcribed notes of the grand jury's stenographer, when properly certified to by him, shall be admitted as evidence in all the courts of this State in all cases where, under the laws of the State, proceedings of the grand jury are now or may hereafter be admissible. Acts of 1913, p. 376. Both at the common law and under our statute, false swearing as to a material matter before a grand jury, in investigations which it may make, is perjury. *State* v. *Green,* 24 Ark. 591; *Claborn* v. *State,* 115 Ark. 387; *State* v. *Roberts,* 148 Ark. 328, and *Warren* v. *State,* 153 Ark. 497.

The assignments of perjury against the defendant in this case are the matters he testified to before the grand jury in its investigation of violations of the liquor laws. Hence it became pertinent, on the trial of the case, to show what he testified to before that body; and the testimony comes squarely within the provisions of the statute.

But it is claimed that the statute is unconstitutional because it violates that provision of our Constitution which provides that the accused shall have the right to be confronted with the witnesses against him. Counsel for the defendant claims that what the defendant testified to before the grand jury should have been proved by witnesses who heard him testify, and that it was error to admit the transcribed notes of the stenographer who took down his testimony.

The general rule is that, whenever a statute requires the keeping of a record, then the record is the best evidence to prove the matters recited in it. Our constitutional provision does not prohibit the introduction of written evidence against a defendant, where such evidence is pertinent to the issue and is the best evidence obtainable. The only purpose of the Constitution is to prevent the introduction of depositions of witnesses against the defendant. Where oral evidence is used against him, he has the right to be confronted by the witnesses so that he may cross-examine them. Suppose the assignment of perjury was that the defendant had sworn falsely in a deposition given in a certain case which he had signed, and which had been filed and used as evidence. In such case the deposition itself would be the best evidence of the assignment of perjury.

Our statute requires that the testimony of witnesses before a grand jury shall be taken down by a stenographer, and that his transcribed notes shall be admitted in evidence in cases where such testimony is competent. By analogy to the case where the assignment of perjury is upon a deposition of the defendant, it was competent here to show the assignment of perjury by the transcribed notes. Counsel for the defendant relies upon the case of *Hinson* v. *State,* 109 Ark. 359. We do not consider that case in any wise applicable. There an attempt was made to read the transcribed notes of another witness, taken before the grand jury, as evidence against the defendant. This could not be done, because it violated the constitutional provision above referred to. The case is quite different where the defendant himself gives the testimony before the grand jury. Of course, if the defendant thought that his testimony had not been correctly transcribed by the stenographer, he might show that fact by his own testimony, or by the testimony of members of the grand jury. Hence we do not consider this assignment of error well taken.

It is also insisted that the evidence is not sufficient to sustain the verdict. The evidence for the State shows

that the grand jury was investigating generally violations of the statute as to selling, manufacturing, transporting, and giving away whiskey. The defendant was summoned to appear before the grand jury, and its foreman administered the oath to him as a witness. The foreman then warned him as to the effect of giving his testimony. He was also cautioned as to the result or effect of giving false testimony.

The defendant testified before the grand jury that he did not drink intoxicating liquors and had not been under the influence of such liquors to any extent within the last three years. This testimony was material in the general investigation made by the grand jury. Several witnesses for the State testified that, at different times and places, they had seen the defendant drunk within the last three years.

The testimony of the defendant was material in the general investigation of violation of the liquor laws, and the testimony of the witnesses for the State that they had seen him frequently drunk during the last three years tended to show that he had sworn falsely before the grand jury. Hence the evidence was sufficient to support the verdict.

The instructions given by the court were in accordance with the principles of law above laid down. It follows that the judgment must be affirmed.