### UNITED STATES v. COEN.
### No. 11482.

District Court, W. D. Louisiana.
Shreveport Division.
June 12, 1947.

Malcolm E. Lafargue, U.S. Atty, of Shreveport, La., and J. Lyle DeBellevue, Asst. U.S. Atty, of Crowley, La., for plaintiff.

Harry V. Booth, of Shreveport, La., for defendant.

DAWKINS, District Judge.

Defendant, charged with perjury in an indictment of one count, has moved to dismiss the same on two grounds, (1) that no women were summoned or served on the grand jury, and (2) the charge is duplicitous, in that it embraces three separate offences of perjury.

■ The qualifications of grand and petit jurors in this court are those provided by the state of Louisiana. The Constitution of Louisiana with respect to women serving as such in Section 41, Art. VII provides: "The Legislature shall provide for the election and drawing of competent and intelligent jurors for the trial of civil and criminal cases; *provided, however, that no woman shall be drawn for jury service unless she shall have previously filed with the clerk of the District Court a written declaration of her desire to be subject to such service.*" (Emphasis by the writer.)

Pursuant to this provision of the Constitution the State Legislature passed Act No. 19 of 1924, providing for service of women on juries when they registered for that purpose, and further declaring: "In the drawing and selection of grand and petit juries no distinction nor discrimina-

tion shall be made against any person on account of sex when such person meets the requirements set forth in Section 1 of this Act." (Section 2; Dart's Statutes 1939.)

In the trial of a similar motion in another case, the evidence of which was offered here, it was shown that in the Western District of Louisiana, nine women had qualified for jury service by registering, and that there had been no attempt to exclude them from the jury box in this court, but that the method of selecting and placing names in the box by members of the jury commission simply failed to include any of this number, with no design to leave them out. The motion in the earlier indictment, which was returned by the same grand jury, was denied by my associate, Judge Porterie. Without finding it necessary to go over the same ground, it is sufficient to say that I agree with him, that under the circumstances, there is no basis for sustaining the motion and it is accordingly overruled.

■ As to the plea of duplicity, the indictment charges that in the criminal contempt case of U. S. v. B. J. Ryland, No. 11403 on the docket of this court: "* * * it became and was then and there a material question in the hearing of said criminal trial whether or not W. K. French, Curtis Hubbart, and Priscillia Johnson had signed certain purchaser's statements setting forth that the price shown therein was the actual purchase price of the particular car in each case, that no side money had been paid to the said E. J. Ryland, and whether or not said statements were signed in his, the said Leon J. Coen's presence as Notary Public in each transaction, this being a case in which oaths were authorized to be administered by the laws of the United States, upon which said trial, one Leon J. Coen appeared and was called as a witness by the defendant and was then and there duly sworn by the Deputy Clerk of Court, aforesaid, one Alton L. Curtis, he, the said Deputy Clerk, having then and there competent authority to administer oaths before the court, aforesaid, and he, the said Leon J. Coen, on July 22, 1946, wilfully swearing that the testimony which he, the said Leon J. Coen, would give the Court there touching the matter then in

question at said trial, would be the truth, the whole truth and nothing but the truth; and on and during the trial of the said case, aforesaid, the therein defendant, E. J. Ryland, through his attorneys, introduced in evidence a purchaser's statement in the nature of an affidavit, in each transaction purportedly sworn and subscribed to by W. K. French, Curtis Hubbart, and Priscillia Johnson, and marked 'Defendant-1', 'Defendant-8', and 'Defendant-9', respectively, before the said Leon J. Coen, acting as a Notary Public in and for Caddo Parish, State of Louisiana; that the said Leon J. Coen on or about January 29, 1946, while testifying in said trial stated that the statement in each transaction aforesaid was discussed and signed at one and the same time by each purchaser, in his presence and before him as Notary Public and in the presence and hearing at all times of the witnesses thereto, when, in truth and in fact, the testimony then and there given by the said Leon J. Coen, being material matter in said trial, was then and there not true, but false, in that the said statements were not discussed and signed by W. K. French, Curtis Hubbart, and Priscillia Johnson in his presence and before him as Notary Public, and was then and there by the said Leon J. Coen, not believed to be true, but was then and there by him believed to be false."

While it is legally proper to charge in a single count, the commission of the crime of perjury by including other assignments of falsity with respect to the same transaction (C.J. Vol. 48, Sec. 137, Verbo "Perjury", p. 885; Ib. Sec. 149; Smith v. State, 163 Ark. 223, 259 S.W. 404; People v. Follette, 74 Cal.App. 178, 240 P. 502; Woodward v. State, 198 Ind. 70, 152 N.E. 277; State v. Joiner, 128 La. 876, 56 So. 560; Wharton's Criminal Law, 9th Ed., 61301,-1299), where, as here there were several separate transactions, none of which has any relation or connection with the other, the false swearing, even though given in the course of continuous testimony in the trial of the contempt case, constituted separate offences, and should have been charged in three counts of the indictment instead of one. Vol. 42 C.J.S., Indictments and Informations, § 162 and authorities cited in the footnotes, particularly note 71.

In each instance there were separate sales of used cars to three different individuals, and in completing the transactions, the dealer required each purchaser to sign certain previously prepared statements of the character described in the indictment and the perjury is charged to have been that the present defendant swore "said statements were signed in his, the said Leon J. Coen's presence as notary public in each transaction * * * the said Leon J. Coen, on July 22, 1946 wilfully swearing that the testimony * * * he * * * would give the court * * * would be the truth * * * and during the trial * * * defendant, E. J. Ryland * * * introduced in evidence a purchaser's statement in the nature of an affidavit in each transaction, purportedly sworn and subscribed by W. K. French, Curtis Hubbart and Priscillia Johnson, and marked 'Defendant-1', 'Defendant-8' and 'Defendant-9' respectively, before the said Leon J. Coen, acting as a notary public * * * and the said Coen, on or about January 29, 1946, while testifying in said trial, stated that the statement in each transaction aforesaid was discussed and signed at one and the same time by each purchaser, in his presence * * * and in the presence and hearing at all times of the witnesses sworn to, when in truth and in fact, the testimony then and there given * * * was then and there not true, but false, in that the said statements were not discussed and signed by W. K. French, Curtis Hubbart and Priscillia Johnson in his presence and was * * * not believed to be true but then and there by him believed to be false."

As to each transaction, in order to prove the perjury, separate and distinct witnesses will have to be called to contradict the statements of this defendant in the trial of Ryland for contempt, and it will be shown that said transactions took place on different dates. In a trial, the jury might conclude that the defendant's statement was true as to one or more of these transactions, but false as to the others and there would be no way of determining in

event of a verdict of guilty, since there is only one count in the indictment, whether the finding applied to one, or to all three affidavits. These circumstances would seem to clearly establish the distinct nature of the several transactions and that the false swearing as to each one constitutes a separate crime, although given in one continuous appearance upon the witness stand.

It is well to call attention also to the fact that as disclosed by the dates italicized above, taken from the indictment, defendant is charged to have taken the oath on *July 22, 1946,* while it is later alleged that the false testimony was given "on or about *January 29, 1946,* while testifying in the said trial", which latter date was approximately six months prior to the day when it is said he was sworn. Of course, there is no power in the U. S. Attorney to correct these impossible dates in an indictment.

The motion to dismiss for duplicity will therefore be sustained.

Proper decree should be presented.