STRICKLING v. WALKER, Sheriff.

(Circuit Court of Appeals, Fourth Circuit. February 5, 1924.)

No. 2166.

1. Criminal law ⬉977(3)—Postponing sentencing of one pleading guilty within court's discretion.

Postponing the sentencing of one pleading guilty on April 17 to a charge of violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) to July 9, during the same term, *held* within the District Court's power.

2. Habeas corpus ⬉4—Cannot accomplish purpose of appeal.

A habeas corpus proceeding cannot be used to accomplish the purpose of an appeal.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Habeas corpus proceeding by William Strickling against Henry A. Walker, Sheriff of Kanawha County, W. Va. From a decree dismissing the petition, petitioner appeals. Affirmed.

J. Raymond Gordon, of Charleston, W. Va. (P. H. Camp, of Charleston, W. Va., on the brief), for appellant.

B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for appellee.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This is a habeas corpus proceeding, in which appellant avers unlawful restraint of his liberty by the appellee, acting pursuant to a judgment of the United States District Court for the Southern District of West Virginia, at Charleston, and prays that he may be discharged by this court.

The case presented on the pleadings is briefly as follows: Appellant was proceeded against by information containing two counts, one charging the unlawful transportation and possession of intoxicating liquors, and the other with maintaining a common nuisance, in that he owned, controlled, and maintained a certain room, house, and building where intoxicating liquors were manufactured, kept, bartered, and sold in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). On the 17th of April, 1923, the record shows the defendant appeared and pleaded guilty to the charge, and the court, not being advised of its judgment, took time to consider thereof. On the 9th of July following, the defendant being present, the court entered judgment on the plea, directing that the defendant be confined in the jail at Kanawha county, W. Va., for the period of 12 months and

pay the costs of the prosecution, and the defendant was committed to the custody of the marshal.

[1] The theory on which the discharge is asked is that on the day of the entry of the plea of guilty, on the 17th of April, no action was taken by the court, but that sentence was suspended, and the defendant permitted to leave without day, and that the subsequent entry of the order of the 9th of July was because of the rumor of another alleged offense against the prohibition law claimed to have been committed by the defendant. Appellant insists that the action of the court was wholly void, because upon the acceptance of the plea of guilty on the 17th of April, without other proceedings, the court lost jurisdiction of the defendant, and was without power to enter any subsequent order in the case, and that in no event should any action have been predicated upon any offense committed by the defendant subsequent to the filing of the information.

An examination of the record, including the exhibits filed with the petition, and the return of the respondent thereto, fails to sustain defendant's contention as to what occurred in connection with his trial and sentence. The orders of court, entered in an orderly manner, show the facts to be just the reverse of those contended for. There is no indication of any suspension of sentence or of any parole of the defendant, either on the day he pleaded guilty, or at any other time, and the position is wholly untenable that because, upon the entry of the plea of guilty, and in the absence of other motions or defenses, the court neither sentenced nor bailed the defendant, he was thereby released, and the court deprived of authority seasonably to call him in and take such action in the premises as it was advised to. The course pursued in this respect is one frequently followed in dealing with cases of the character involved here, and which is almost necessary to the orderly administration of business in the courts. While under recent decisions considerable limitation has been placed upon the federal courts in suspending sentences on criminals, still there has never been a suggestion that would bring in question its right to do what was done here.

Upon the defendant's plea of guilty on the 17th of April, the record is as follows: "That the court, not now being advised as to its judgment, takes time to consider thereof." At a later day during the same term, viz. on the 9th day of July, the court entered an order reciting the plea of guilty, and rendered its judgment prescribing the punishment at 12 months' imprisonment and the payment of costs. There is nothing in either of these orders that gives the slightest intimation that the court had suspended sentence or paroled the prisoner, or had done any act to release him from its jurisdiction and control, or that the entry of its judgment was for any offense other than the one contained in the information to which the plea of guilty was made. The proof fails entirely to sustain the contentions sought to be set up dehors the record, assuming that the same could be done.

[2] Counsel for the appellee earnestly insists that the prayer of the petition should not be granted, because the defendant is seeking by habeas corpus proceeding to accomplish the purpose of an appeal. Of course, this cannot be done. But as the case attempted to be made in

the habeas corpus proceeding was one that questioned the authority of the court to act in the premises, because it had lost its jurisdiction over the defendant, and that he had been sentenced because of a rumor connecting him with another offense not covered by the information against him, the court felt it best to consider and pass upon the questions raised.

The action of the District Court, dismissing the petition for the writ of habeas corpus, is affirmed.

Affirmed.