### FISHER v. WALKER, Sheriff.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1924.)

No. 2167.

1. **Criminal law ⚖977(3)—Postponing sentencing to later day of same term within court's discretion.**

Postponing the sentencing of one pleading guilty to a charge of violating the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) to a later day of the term at which the plea of guilty was entered *held* within District Court's discretion, if what was done was otherwise free from objection.

2. **Criminal law ⚖977(3)—After rendition of judgment on first count, court cannot render judgment on second count.**

The District Court, after the rendition of its judgment under the first count of the information, has no power to render a second judgment against the accused at a later term under the second count of the same indictment.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Habeas corpus proceeding by Lyda Fisher against Henry A. Walker, Sheriff of Kanawha County, W. Va. Judgment was rendered, refusing a discharge, and petitioner brings error. Reversed and remanded, with directions to discharge petitioner.

J. Raymond Gordon, of Charleston, W. Va., for plaintiff in error.

B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., of Huntington, W. Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. This is a habeas corpus proceeding, in which the petitioner seeks to be discharged from the custody of the respondent, whom she avers is restraining her of her liberty. Petitioner was proceeded against in the District Court for the Southern district of West Virginia for an alleged infraction of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.); the first count of the information charging the unlawful possession and transportation of intoxicating liquors, and the second count for maintaining a common nuisance in connection with the sale and barter of such liquors.

Upon the filing of this information, petitioner appeared on the 27th of April, 1923, and pleaded guilty to the same, and was thereupon under

the first count of the information fined the sum of $100, without costs, and committed to the marshal until the fine was paid, and in the order entered it was recited that the court, not being advised of its judgment upon the other count of the information, took time to consider thereof, and the consideration was continued until a later day in the term. Subsequently on the 6th of July, 1923, during the same term, the court acted upon the second count of the information, and upon the plea of guilty thereto, adjudged that defendant be imprisoned in the jail of Kanawha county in said district for the period of 10 months, and she was thereupon committed to jail. It is under this judgment that she is now held by the respondent. The case was heard upon the petition, the exhibits therewith, the answer thereto, the demurrer of respondent to the petition, and upon the demurrer of the petitioner to respondent's answer, and motion to quash the same, with the result that the court denied the relief sought and committed the petitioner to the custody of the respondent.

[1] The petitioner's contention is that, by the entry of the judgment on the first count and her release upon the payment of the fine assessed against her, she was in effect acquitted; that it was intended that she should be paroled and released from imprisonment and not further held; that she was subsequently arrested because of an alleged untruthful rumor that she was again violating the law, and that she was really sentenced because thereof, though technically the judgment may have been for the offense charged in the second count; that the court was without authority to act at the time, having exhausted its power in the entry of the judgment under the first count, and that its action was a nullity. The record fails to establish the claims of the petitioner, and, on the contrary, demonstrates just the reverse, so far as the facts are concerned, whatever may be the infirmity in the judgment from a legal standpoint. The case in its essential features is almost the counterpart of that of Gillespie against the respondent, 296 Fed. 330, this day decided by this court, save that in the Gillespie Case the judgment upon the second count of the information was rendered at a later term, instead of at the term at which the plea of guilty was entered. This court in that case concluded that an adjournment to the then next term of the court, and the entry of the judgment, otherwise legal, could be had. From this it follows that the court could lawfully act in the case at the term at which the information was filed and the judgment on the first count entered.

[2] The decision in the Gillespie Case, relating to the right of the trial court to enter separate judgments on the information, is applicable as well to the case at bar, as to a judgment entered at a later term, and the decision therein rendered that the court could not validly divide up its judgment by entering the same in two parts, one on the first count, and the other, at a later date on the second count, applies directly to this case, and entitles the petitioner to a reversal of the action of the lower court and to a discharge from imprisonment.

What was said in the Gillespie Case respecting the procedure by writ of error, instead of appeal, also applies to this case, and will be followed herein.

The judgment of the lower court will be reversed, and the cause remanded thereto, with directions to grant the prayer of the petitioner for habeas corpus and discharge the petitioner.

Reversed.