## HOLLANDSWORTH v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
July 15, 1929.

No. 2856.

Carl C. Sanders, of Beckley, W. Va., for appellant.

Ellis A. Yost, Asst. U. S. Atty., of Huntington, W. Va. (James Damron, U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before PARKER, Circuit Judge, and WATKINS and SOPER, District Judges.

SOPER, District Judge. The appeal in this case involves a consideration of the powers conferred upon the District Courts by the Act of March 4, 1925, c. 521, § 1, 43 Stat. 1259, USCA tit. 18, §§ 724 to 727, to suspend the imposition or execution of sentences in criminal cases and place the defendants upon probation.

On June 14, 1927, an information was filed against Ed Hollandsworth, the defendant below, by the United States attorney, wherein the defendant was charged in three counts with violations of sections 3 and 21 of title 2 of the National Prohibition Law (27 USCA §§ 12, 33). The first count charged unlawful possession of intoxicating liquor, and alleged that the defendant was guilty of a second offense, since he had been previously convicted of unlawful possession of intoxicating liquor; the second count charged the unlawful sale of intoxicating liquor; and the third count charged the maintenance of a common nuisance, in that the defendant maintained a place where intoxicating liquor was manufactured, kept, bartered, and sold. The defendant pleaded guilty to the charges contained in the information on July 11, 1927, and the court took time to consider its judgment. On November 16, 1927, the defendant was brought before the court for

sentence. The court imposed a fine of $25, and, reciting that it appeared to the satisfaction of the court that the ends of justice and best interests of the public and of the defendant would be subserved by the suspension of the imposition or execution of sentence, and placing the defendant upon probation, ordered that the defendant be placed upon probation for a period of five years. It is conceded that the defendant paid the fine imposed.

On November 19, 1928, more than a year after the passage of the last-mentioned order, a capias for the defendant's arrest was issued by the clerk of the court at the instance of the probation officer. In accordance therewith, the defendant was taken into custody on November 27, 1928. He was brought before the court on December 15, 1928, and it was made to appear to the court by satisfactory proof that the defendant had violated the terms and conditions of his probation, whereupon the court inquired of the defendant if he had anything to say why sentence should not be imposed upon him upon the plea of guilty tendered on July 11, 1927, to which inquiry the defendant answered in the negative; whereupon the court pronounced judgment and imposed upon the defendant a sentence of imprisonment in jail for the period of twelve months. From this judgment the defendant has appealed.

There are numerous assignments of error, but the objections of the defendant to the sentence of imprisonment, imposed by the District Court on December 15, 1928, may be summarized as follows: (1) That the legal import and effect of the action of the court, taken on November 16, 1927, was that a final sentence was imposed upon the defendant and the attempt to place him on probation was ineffectual. The contention is that the court, having imposed a fine of $25 upon the defendant on that date, had no power at a later term to render a second judgment and impose a sentence of imprisonment. It is said that the sentence or judgment of a court in a criminal case is an entirety, and must embrace the whole measure of the punishment imposed, and cannot be imposed in parts; and although a court may suspend judgment in a criminal case in toto until another term, it has no power to impose two sentences for a single offense by pronouncing judgment under one count in an indictment and reserving the right to impose an additional punishment under another count at a subsequent term, or to impose a fine at one term and at a later term a sentence of imprisonment. (2) That the max-imum sentence of imprisonment which the District Court could have imposed upon the defendant was a term of twelve months, and that the District Court has no power under the Probation Act (18 USCA §§ 724–727) to fix the term of probation in any case at a longer period than the maximum sentence applicable to the offense charged, and hence that the court was without power to fix the term of probation at five years, and was also without power, after the expiration of the period of one year, to cause the defendant to be brought in and sentenced. (3) That it is incumbent upon the District Court when it places a defendant upon probation under the Probation Act to fix the terms and conditions of probation, and that the District Court in the instant case failed to specify terms and conditions, and hence the act of the court in placing the defendant upon probation on November 16, 1927, was void and the sentence that the defendant pay a fine of $25 constituted the complete judgment of the court, to which the court was without power to add an additional sentence of imprisonment at a subsequent date.

It was decided by the Supreme Court of the United States in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, that a District Court of the United States, in the absence of a statute, does not possess the power to suspend sentence in a criminal case except for some definite period and for some specific temporary purpose. In harmony with this rule it has been settled by the decisions of this court in Gillespie v. Walker, 296 F. 330, Fisher v. Walker, 296 F. 335, and Strickling v. Walker, 296 F. 337, that a District Court, after the rendition of its judgment under one count of an information, has no power to render a second judgment at a later term against the accused under another count of the same information, even though a continuance was had to a later date, with a view of considering the action to be taken under the second count; and the rule holds good whether the court attempts to impose the second judgment in the same or a subsequent term of court. In the Gillespie Case, Judge Waddill said (page 333 of 296 F.):

"The ends of justice require that the judgment when entered shall be as a single judgment—that is, entered at one time, covering and carrying out the jury's verdict—and that to allow the entry of judgment under some phases of the case at one time, and some other phases at another time, as presented by the different counts, would operate

necessarily to the prejudice of an accused, possibly in effect placing him in jeopardy for the same offense more than once, and leave in indefinite suspense, the enforcement and carrying out of the law, which would be alike undesirable from a governmental standpoint, and wholly unfair to an accused."

See, also, United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129.

It follows, therefore, that, unless the Probation Act furnishes some authority for the release of a defendant upon probation and a suspension of sentence of imprisonment until a later time, together with the imposition of a fine imposed contemporaneously with the release of the defendant upon probation, the first point of the defendant is well taken. Section 1 of the Probation Act (title 18, USCA § 724) is as follows:

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years.

"While on probation the defendant may be required to pay in one or several sums a fine imposed at the time of being placed on probation and may also be required to make restitution or reparation to the aggrieved party or parties for actual damages or loss caused by the offense for which conviction was had, and may also be required to provide for the support of any person or persons for whose support he is legally responsible."

■ It would seem to be clear that the course of action of the District Court in imposing a fine, and at the same time placing the defendant upon probation for a definite period, was expressly authorized by the section quoted. The defendant, however, relying upon the decision of the District Court in Archer v. Snook, 10 F.(2d) 567, contends that, when the court imposed a fine and required it to be paid, its function was completely carried out, and it was without power to place the defendant upon probation. The argument seems to be that, although the court has the power to require the payment of a fine as a condition of probation, it cannot otherwise sentence the defendant to pay a fine in connection with probation. We find nothing in the case cited which justifies this position, and we think that it is clear from the language set out that, although the court may in its discretion require the defendant, as one of the terms of probation, to pay a fine in one or several sums imposed at the time of being placed on probation, the court is expressly authorized by the language of the statute to impose a fine (whether it be made a condition of the probation or not), and also place the defendant upon probation. It is of course clear that the amount of the fine imposed by the trial judge in this case was well within the maximum authorized by the law for any of the offenses charged in the information.

■ Nor do we think that the second contention of the defendant is well founded. It assumes that the maximum sentence which might have been imposed at the beginning was one year in jail. Under the National Prohibition Act (27 USCA), the maximum sentence for possession of intoxicating liquor charged in the first count as a second offense was $1,000 fine or imprisonment for 90 days; the maximum sentence under the second count for the sale of liquor was a fine of $1,000 or imprisonment for 6 months; and the maximum sentence under the third count for maintaining a nuisance was a fine of $1,000 or imprisonment for a year. The defendant claims that, under the rule laid down in Morgan v. United States (C. C. A.) 294 F. 82, the offenses in the first and second count became merged with the offense charged in the third count so far as the imposition of sentence is concerned. We are by no means satisfied that the maintenance of a common nuisance under the third count necessarily embraced the offense of sale of intoxicating liquor under the second count. For the purposes of this case, however, this assumption will be made. But there is no express provision of the Probation Act that the term of probation must not exceed the maximum period for which a sentence of imprisonment may be imposed. Congress expressly provided, in section 1 of the act (18 USCA § 724) that the period of probation, together with any extension thereof, should not exceed five years. Herein is no suggestion that the period of probation is limited

by the period of maximum sentence. The defendant, however, points to section 2 of the act (18 USCA § 725), which provides in part as follows:

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

It thus appears that, if the probation period fixed by the court is shorter than the maximum period of punishment, the defendant may nevertheless be brought in after the probation period, provided that the maximum period of sentence has not already expired, and impose any sentence which might originally have been imposed. In substance, this provision amounts to an automatic extension of the probation period so as to cover the full period of the maximum sentence. It is clear that these terms of the statute extend rather than restrict the powers of the District Court. They do not justify the conclusion that the maximum five-year period of probation allowed by section 1 of the act is to be read as if subject to the provision that the term of probation shall in no case exceed the term of maximum sentence. There is indeed no necessary connection between the term of probation and the term of imprisonment. The general purposes of the Probation Act are made clear by the decision of the Supreme Court in United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309, and the decision of this court in Riggs v. United States, 14 F.(2d) 5. The statute conferred upon the District Courts the discretion, previously beyond their authority, to suspend the sentence after conviction in a criminal case and release the offender on probation under the supervision of the court in the hope that, if he should be spared the disgrace and humiliation of a criminal sentence, he might be led the more readily to mend his evil ways and become a worthy member of society. Ordinarily, probation should not be granted unless this much-desired end seems to the court likely to be attained; but it is obvious that it may not be possible in many cases to test the offender adequately unless he remains under surveillance for a longer period than the maximum term of imprisonment. From this viewpoint, it is in harmony with the intent of Congress and to the interest of defendants to hold that there is no restriction upon the discretion of the District Courts as to the period of probation, except the limitation of five years expressly provided by the statute.

The third point of the defendant raises an important and interesting question as to the extent of the power which resides in the District Court to cause a defendant, who has been released upon probation, to be brought in and sentenced. We think it is a necessary implication from the terms of the statute that this power may not be exercised arbitrarily and without reference to the behavior of the defendant during the period of probation. Section 1 of the act expressly directs the judge, when exercising the power to suspend sentence and place the defendant upon probation, to fix such terms and condition as he may deem best. It is thus manifestly the duty of the judge at the outset to inform the defendant as to the condition of his probation and instruct him as to the line of conduct he should pursue. Great latitude is given to the judge in this respect. He may fix such terms and conditions as to him seem best, and hence it is within the discretion of the judge to name any reasonable terms or conditions with which the offender must conform; but some terms and conditions must be laid down.

After this is done, it becomes a matter of importance to ascertain whether the conduct of the probationer conforms with the order of the court. Section 2 of the act provides that the probation officer, in whose charge the defendant may be released, shall report to the court a statement of the conduct of the probationer, and, if the court thinks it advisable, the probationer may be discharged from further supervision and the proceeding against him may be terminated. The probation officer at any time within the probation period, of his own motion, or at the direction of the court, may issue a warrant for the arrest of the probationer, whereupon the probationer shall be taken before the court, and the court may revoke the probation or the suspension of sentence, and impose any sentence which might originally have been imposed. The language of this section is very broad, but we think it must be read in connection with the provisions of section 1, which direct that the terms and conditions to be observed by the probationer

must be fixed in the beginning by the judge. This conclusion is borne out by section 4 of the act (18 USCA § 727), which defines the duty of the probation officer. He is required to furnish to each person released on probation under his supervision a written statement of the conditions of probation, and to instruct him regarding the same. The officer must keep informed concerning the conduct and condition of the probationer under his supervision, and make a report to the court. The officer must use all suitable methods not inconsistent with the conditions imposed by the court, to aid persons on probation to bring about improvement in their conduct and condition. In view of these several provisions of the act, it seems to be clear that, if the probationer complies with the condition of his probation, he is entitled to remain on probation, subject to the supervision of the court and its officers, until the maximum period of sentence expires, and is then entitled to a final discharge. The power of the court to revoke a probation and sentence the probationer may not be exercised unless it is made to appear that he has failed to comply with the terms and conditions prescribed for him. It is not conceivable that Congress intended to confer upon the court the power to call back the defendant at any time within five years after conviction and imprison him, no matter how blameless his conduct may have been during the interim, or how strictly he may have observed the terms of his probation. It follows that, whenever it is charged that a probationer has failed to follow the instructions of the court, he may not be sentenced until he has been given notice of the specific charge and an opportunity to be heard in his defense, and until the court, upon hearing, shall have judicially determined that his conduct during the probation period has not conformed to the course outlined in the order of probation.[1]

[1] In most jurisdictions in which similar questions have arisen under state probation laws, the state courts have held that a convicted defendant, released upon conditions under a suspended sentence, is entitled to notice and a hearing before the suspension may be revoked. This rule is usually followed even in those states where it has been held that the courts in criminal

While the Probation Act must be construed on the lines suggested, we find nothing in the record in the case before us to indicate that the defendant has been unjustifiably sentenced. It is true that the order of probation of November 16, 1927, merely provided that the defendant be placed upon probation for a period of five years, and failed to set out the terms and conditions of the probation, as directed by the statute. But, on the other hand, the record shows that, when the defendant was subsequently arrested and brought before the court, it was shown by satisfactory proof that he had violated the terms and conditions of his probation imposed when he was released, and that he admitted that there was no reason why he should not be sentenced under his plea of guilty entered on July 11, 1927. In view of these recitals, we cannot assume that the court failed in its duty to inform the defendant at the outset of the terms and conditions of his probation. Indeed the defendant does not claim that he was not given this information, and does not deny that he failed to comply with the conditions imposed. His argument in this respect is based solely on the ground that the failure of the court to include the terms and conditions of probation in its written order nullified the whole proceeding. But, since it is clear that the defendant was advised as to the course of conduct expected of him, he suffered no injury from the omission of the terms of probation from the formal order of the court.

The judgment of the District Court is affirmed.

cases have the inherent power to grant a permanent suspension of sentence. See the authorities collected in the note to the case of State of Utah v. Zolantakis, 54 A. L. R. 1463, 1471. See, also, State v. O'Neal, 147 Wash. 169, 265 P. 175; Plunkett v. Miller, 161 Ga. 466, 131 S. E. 170; Williams v. State, 162 Ga. 327, 133 S. E. 843; State v. Hardin, 183 N. C. 815, 112 S. E. 593; Weber v. State, 58 Ohio St. 616, 51 N. E. 116, 41 L. R. A. 472; People v. Sanders, 64 Cal. App. 1, 220 P. 24; People v. Sapienzo, 60 Cal. App. 626, 213 P. 274. Contra, People ex rel. Forsyth v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856; People ex rel. Pasco v. Trombly, 173 App. Div. 497, 160 N. Y. S. 67; People v. Goodrich (Sup.) 149 N. Y. S. 406.