WILLIAMS v. HUNTER, Warden.

No. 3566.

Circuit Court of Appeals, Tenth Circuit.

Dec. 12, 1947.

J. Paul Jorgensen, of Wichita, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty., of Topeca, Kan. (Randolph Carpenter, U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

On June 9, 1941, a two count indictment was returned against petitioner in the United States District Court for the Western District of Louisiana, charging violations of 18 U.S.C.A. § 408 (Dyer Act). Upon a plea of guilty, sentence for a period of three years was imposed on count one, to run concurrently with a state sentence, petitioner was then serving at the Georgia State Penitentiary. Imposition of sentence on the second count was suspended and petitioner was placed on probation as of that date, "conditioned upon his not violating the terms and provisions of probation or any laws, state or federal, during the period of said suspension and probation," but no period of duration was specified in the judgment.

Petitioner was returned to the State Penitentiary of Georgia and while confined there also served the three year sentence imposed by the Louisiana Federal Court on count one, being conditionally released from the State Penitentiary on August 18, 1945. On November 26, 1946, more than three but less than five years after the date on which he was placed on probation, petitioner was brought before the sentencing court in Louisiana, charged with violation of the conditions of his probation. Upon a plea of guilty, the suspension of sentence was set aside, the order of probation revoked and a sentence of five years imposed on count two of the original indictment.

By this habeas corpus proceedings petitioner challenges the five year sentence, under which he is now being detained, contending that since the original judgment of the sentencing court did not specify the term of his probation, under the rule of definiteness and clarity usually applicable to criminal judgments, it must be presumed that the sentence of probation ran concurrently and conterminously with the three year sentence imposed upon the first count. Levine v. Hudspeth, 10 Cir., 127 F.2d 982; Subas v. Hudspeth, 10 Cir., 122 F.2d 85; Wall v. Hudspeth, 10 Cir., 108 F.2d 865. Upon this premise, it is argued that probation ended with the concurrent service of the three year sentence and the sentencing court was thereafter without authority to revoke the suspension of sentence and impose the five year sentence under which he is now confined.

The trial court did not decide whether active probation terminated with the service of the three year sentence on count one, since it was of the opinion that the sentencing court was authorized under the probation statute to revoke the suspension of sentence at any time during the maximum period for which he could have been sentenced on count two of the indictment, or at anytime within five years.

When it appears to the "satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby" the United States District Courts are empowered "after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; * * * The period of probation, together with any extension thereof, shall not exceed five years." 18 U.S.C.A. § 724. "* * * At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." 18 U.S.C.A. § 725.

There is authority for the contention that the court is powerless to revoke

probation for violations occurring after the period of active probation. Sanford v. King, 5 Cir., 136 F.2d 106. It is said that any other construction would render meaningless the five year limitations in the statute (18 U.S.C.A. § 724), and would break faith with the probationer, who is told in effect that if he lives up to the conditions of probation for the specified period he will then be a free man. But, the great weight of authority construes the statute to authorize the courts to supervise the probationer not only during the period of his active probation but for the term of the maximum sentence which might have been imposed. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282, United States v. Moore, 2 Cir., 101 F.2d 56, certiorari denied 306 U.S. 664, 59 S.Ct. 788, 83 L.Ed. 1060; Scalia v. United States, 1 Cir., 62 F.2d 220; United States ex rel. Grossberg v. Mulligan, 2 Cir., 48 F.2d 93; Whitehead v. United States, 6 Cir., 155 F. 2d 461; Hollandsworth v. United States, 4 Cir., 34 F.2d 423. Making application of this rule it has been held, on direct appeal from an order denying a motion to vacate, that failure to provide the conditions or to specify the period of probation, does not render the probation order invalid. Whitehead v. United States, supra. See also Archer v. Snook, D.C., 10 F.2d 567, Campbell v. Aderhold, D.C., 36 F.2d 366.

■■ The courts all agree that it is the better policy to specify the conditions and period of probation but it is manifestly clear that whether the probation order be construed as granting probation for a period of three years, as contended, or for a lesser or longer period, the order is not void and subject to collateral attack in a habeas corpus proceedings.

The judgment is affirmed.

PHILLIPS, Circuit Judge (concurring)

18 U.S.C.A. § 724 authorizes the courts of the United States having original jurisdiction of criminal actions (except in the District of Columbia), after a conviction or plea of guilty or nolo contendere for any offense not punishable by death or life imprisonment, "to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best." It also authorizes the court, which has granted probation, to revoke or modify any condition of probation and to change the period of probation. But it expressly provides that "the period of probation, together with any extension thereof, shall not exceed five years."

After providing for the arrest of a probationer without a warrant within the probation period, 18 U.S.C.A. § 725 provides that "at any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court," and that "thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

Section 725, supra, further provides that "when directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable."

While obviously the better practice for a court, which grants probation, is to fix a definite period of probation, when none is fixed, it seems to me that period will run for the full five-year maximum fixed by the statute, unless the court, prior to the expiration of the five-year period, upon a report of the probation officer, acting pursuant to § 725, supra, discharges the probationer from further supervision.

It is my view, therefore, that it cannot be said that the violation of the probation order did not occur within the probation period, since there was no showing that the court had discharged the probationer, the petitioner here, from further supervision or terminated the proceedings against him, at the time the violation of the probation order occurred, and such violation occurred within the five-year period.

But I cannot accept the view, apparently approved in the majority opinion, that the court may revoke the probation for con-

duct which occurred after the expiration of the probation period fixed by the order of probation or any lawful extension thereof, or for conduct occurring after the court has discharged the probationer from further supervision and terminated the proceedings against him, but which occurred within the maximum period for which the defendant might originally have been sentenced.[1]

The court may not revoke an order of probation until it has judicially determined, after affording the probationer a hearing, that the probationer's conduct during the period of probation has not conformed to the conditions and terms of the probation order.[2]

Under many federal criminal statutes, the maximum sentence which may be imposed is ten years; and certain federal penal statutes provide for maximum sentences of fifteen years, others twenty years, and still others twenty-five years.

Did Congress intend that the court in the order of probation should fix the period of probation for a term not in excess of five years, but where the maximum sentence that could be imposed is ten, fifteen, twenty, or twenty-five years, that the actual period of probation is measured by the maximum sentence that could have been imposed and that the probationer should remain under the supervision of the court for the period equal to the maximum sentence that could have been imposed? If so, where the maximum sentence which could be imposed exceeds five years, an order placing the defendant on probation for a period not exceeding five years would serve no useful purpose and would mislead the defendant as to the period of his actual probation and supervision.

I think the Congress, in providing that the period of probation, together with any extension thereof, should not exceed five years, indicated its judgment that five years was long enough to subject a person who is a fit subject for probation, to the terms and conditions of an order of probation. Hope for release from the terms and conditions of probation and supervision under an order of probation is an incentive for rehabilitation which is the object of probation. On the contrary, subjecting the probationer to probation and supervision for ten, fifteen, twenty, or twenty-five years would tend to discourage the probationer and might hinder, rather than aid, rehabilitation of the probationer.

If the actual probation period is the maximum period for which the probationer could have been sentenced, when such maximum period is greater than the period fixed by the order of probation, then a defendant might be placed on probation for five years, with stringent terms and conditions imposed, and if the maximum sentence for which he could have been sentenced was fifteen years, he might be arrested for conduct, not criminal in itself but violative of the terms of probation, occurring fourteen years after the order of probation and sentenced to imprisonment for a term of fifteen years. It is no answer to say that a judge would not, under such circumstances, revoke the probation and impose the sentence. The question is, did Congress intend to grant such tremendous power? I think it did not.

What, then, is the purpose of the provision in § 725, supra, that the court may revoke the probation at any time within the period of probation fixed by the order of probation or within the maximum period for which the defendant might have been originally sentenced, if such period is longer than such probation period, and impose any sentence which might have been originally imposed?

In seeking the answer to that question, it should be observed that § 725, supra, does not in terms authorize the court to revoke the probation or the suspension of sentence for conduct in violation of the terms and conditions of probation occurring after the end of the probation period. It only authorized the court to enter its order of revocation, either during the probation period or during the maximum period for which the defendant might originally have

---

[1] See Sanford v. King, 5 Cir., 136 F. 2d 106.

[2] Hollandsworth v. United States, 4 Cir., 34 F.2d 423, 428; Mankowski v. United States, 5 Cir., 148 F.2d 143, 144; United States v Van Riper, 2 Cir. 99 F.2d 816, 819: Escoe v. Zerbst, 295 U. S. 490, 493, 55 S.Ct. 818, 79 L.Ed. 1566.

been sentenced, if such maximum period is longer than the probation period. It deals with the time the order of revocation may be entered, not with the violation of the order of probation upon which revocation may be predicated, nor the time when such violation must occur.

It seems fairly obvious to me that the purpose of such provision was to make plain that the jurisdiction of the court over the probationer, to revoke probation for a violation of the order of the probation occurring during the period of probation fixed by the order of probation, continued after such period of probation had terminated, where the maximum sentence which could have been imposed was longer than such period of probation, but to limit the time within which such jurisdiction might be exercised to the period of such maximum sentence. So construed, the two sections are harmonious.

Hence, it is my opinion that revocation of probation can only be predicated on a violation of the terms and conditions of the order of probation, occurring during the period of probation fixed by the court pursuant to § 724, supra.

