## WILLIAMS v. UNITED STATES.

### No. 12284.

Circuit Court of Appeals, Fifth Circuit.

June 22, 1948.

William Richard Williams, of Leavenworth, Kans., in pro.per., for appellant.

Malcolm E. Lafargue, U. S. Atty., of Shreveport, La., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

PER CURIAM.

The appellant Williams was, on Nov. 9, 1942, sentenced on his plea of guilty, in the Western District of Louisiana, on two counts of an indictment charging violations of the Dyer Act, 18 U.S.C.A. § 408. The sentence on the first count was for three years to run concurrently with a state sentence which he was then serving at the Georgia State Penitentiary. On the second count, imposition of sentence was suspended and defendant was placed on probation. On July 24, 1946, within the five year probation period the act provides, he was arrested for violation of his probation and having pleaded guilty, he was, on November 26, 1946, sentenced to a term of five years. Having sought, and been denied, release on habeas corpus, on the ground that the probation period had expired with the three year sentence imposed upon the first count,[1] he filed in the sentencing court in Louisiana a motion to vacate judgment and sentence on the ground that the indictment was void because "no women were summoned for Grand Jury service from 1940 to 1945, A.D., nor were the names of any women placed in the venire box during that period." The district judge having found that under the applicable Louisiana law,[2] there was no basis for the charge of discrimination, denied the motion, and Williams has appealed. For the reasons and upon the authorities set out in Crouch v. United States, 5 Cir., 168 F.2d 866, appellant's attack upon the indictment is rejected.

Another ground of attack upon the sentence is that the original probation was invalid for want of jurisdiction in the sentencing court to make the period of probation run concurrently with the sentence in the state court. We think it plain that there is no merit in this point.[3]

In addition to these two grounds which were raised below, appellant seeks by a supplemental brief to attack the sentence on a ground not presented below, that the two counts of the indictment dealt with the same automobile and charged the same offense. While the Government points out that one count of the indictment deals with a transportation on the 8th day of November, and the other with one on the 11th, and that the same car could be the subject of two offenses, we think it clear that this ground of attack not having been presented below is not before us for our consideration. Without prejudice, therefore, to the determination of this question when properly presented, the judgment appealed from is affirmed.

1 Williams v. Hunter, Warden, 10 Cir., 165 F.2d 924.

2 U. S. v. Haynes, Jr., D. C., 69 F.Supp. 424; United States v. Leon J. Coen, D. C., 72 F.Supp. 10.

3 Stamphill v. United States, 10 Cir., 135 F.2d 177; Sanford v. King, 5 Cir., 136 F.2d 106; Williams v. Hunter, Warden, 10 Cir., 165 F.2d 924.