## UNITED STATES v. HOLLIEN.
### No. 11.

United States District Court
W. D. Michigan, S. D.
May 14, 1952.

Joseph F. Deeb, U. S. Atty., Grand Rapids, Mich., for plaintiff.

Defendant in pro. per.

STARR, District Judge.

The defendant's petition and the files and records in this case show the following facts:

On November 1, 1949, the petitioner was sentenced in the United States District Court for the Northern District of Indiana to imprisonment for a term of three years. This sentence was suspended and he was placed on probation for three years. On December 16, 1949, an order was entered transferring jurisdiction over the defendant to this court, and jurisdiction was accepted. On June 9, 1950, this court, upon the petition of the chief probation officer, issued a bench warrant for the arrest of the defendant for violation of his probation. Before this warrant could be served he was arrested in the Eastern District of Michigan for violation of the National Motor

988

Vehicle Theft Act, 18 U.S.C.A. §§ 2311–2313, and upon his conviction in the United States District Court for that district, he was sentenced on February 5, 1951, to a prison term of two years. He is now serving that sentence in the United States penitentiary at Terre Haute, Indiana.

In pursuance of 28 U.S.C.A. § 1915 the defendant has filed his petition in this court "for a writ of habeas corpus," but he asks only for "an immediate hearing" on the charge of probation violation. Although the relief sought could not be granted in a habeas corpus proceeding, the court will consider his petition as a motion for a speedy hearing. It is apparent that defendant is seeking to have any sentence for probation violation imposed upon him in this district run concurrently with the sentence which he is now serving.

The defendant stands convicted in the United States District Court for the Northern District of Indiana, and probation was granted him as a privilege and not as a matter of right. The bench warrant issued by this court for probation violation can be served at any time during his probationary period, and upon a proper hearing and satisfactory proof of such violation, the court can revoke his probation and require him to serve the sentence which was imposed for the offense of which he was convicted. The hearing on the charge of probation violation is in the nature of a summary proceeding and is not a "criminal prosecution" entitling defendant to a "speedy and public trial" under the Sixth Amendment of the Constitution. See Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Escoe v. Zerbst, Warden, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.

This court could issue a writ of habeas corpus ad prosequendum and secure the defendant's immediate appearance for hearing on the charge of probation violation. However, in view of the fact that the bench warrant for his arrest for probation violation has apparently not been served, and as he has only a few months more to serve under his present two-year sentence, the court finds no necessity or justification for granting his request for an immediate hearing. The court is informed that a detainer has been placed against him and when he is discharged from his present confinement, he can be returned to this district to answer the charge of probation violation. To bring the defendant from his present place of confinement to this court at this time would involve unnecessary expense, and the administration of justice does not require such proceeding.

For the reasons stated herein the defendant's petition for the writ of habeas corpus, which is treated as a motion for an immediate hearing on the charge of probation violation, is denied. An order will be entered accordingly.