**UNITED STATES of America, Plaintiff,**

v.

**Paul SANCHEZ et al., Defendants.**

**Cr. No. 4104.**

United States District Court
S. D. Texas, Corpus Christi Division.

Jan. 23, 1956.

Malcolm R. Wilkey, U. S. Atty., Houston, Tex., Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., for plaintiff.

John J. Pichinson, Corpus Christi, Tex., for defendant.

ALLRED, District Judge.

On March 20, 1951, defendant Sanchez entered a plea of nolo contendere on counts 4 and 5 of an indictment charging him with unlawfully acquiring seven marihuana cigarettes without having paid the transfer tax imposed by the Marihuana Tax Act, 26 U.S.C.A. (I.R.C. 1939) § 2590 et seq. (count 4) and with unlawfully transferring such marihuana cigarettes to his co-defendants, Best and Roszkowski (count 5). On October 15, 1951, Sanchez was sentenced to serve five years in prison generally on counts 4 and 5, which sentence was suspended for three years, conditioned on his good behavior, as defined in a general order of the court dated August 10, 1937.

On April 2, 1954, well within the three years probation period, the probation officer reported to the court that on October 29, 1953, defendant had been convicted in the Criminal District Court at Fort Worth, Tarrant County, Texas, (in the

Northern District),[1] and sentenced to serve three years in the Texas penitentiary at Huntsville, which sentence would expire on October 28, 1956. The probation officer recommended that probation be terminated "in view of the fact that the present state term would extend beyond the probationary expiration date in this cause." A printed form for adoption of the recommendation of the probation officer appeared on the report for action. This printed form reads as follows:

"Order of Court

"Considered and ordered this ——— day of ——— 19—— and ordered filed and made a part of the records in the above case."

The court, however, changed the order to read as follows:

"Considered this 2nd day of April 1954 and ordered that defendant be brought before this court upon expiration of his state court sentence and filed and made a part of the records in the above case."

The reason for the court's action in changing the order was that the court had granted probation with grave misgivings and felt that defendant should be brought before the court upon expiration of his state court sentence; that defendant should not be brought out of the State penitentiary then but should be required to show, after serving the state court sentence, why his suspended sentence should not be revoked.[2]

The order of the court amounted to a direction for the issuance of a warrant to be served upon defendant when he had completed his state court sentence. Evidently neither the Clerk nor the Probation Officer so understood or they overlooked the form of order and no warrant was issued. The probation officer now reports that defendant probably has been released from the state prison and has asked for instructions. The probation officer evidently labored under the belief that the court is powerless to act since the three-year probationary period has expired.

This is not correct. 18 U.S.C. § 3651 provides:

"The period of probation, together with any extension thereof, shall not exceed five years."

Section 3653, of Title 18, provides, in part:

"At any time within the probation period, the *probation officer* may for cause arrest the probationer whereever found, without a warrant. At any time within the probation period, *or within the maximum probation period permitted by section 3651* of this title, *the court* * * * may issue a warrant for his arrest for violation of probation *occurring during the probation period.* * * * As speedily as possible *after arrest* the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence * * *." (Emphasis supplied.)

It is clear from the foregoing that the power of the *court* to order the issuance of a warrant and to revoke is not limited to the *period of probation* stated in the order but this may be done within the maximum probation period of five years permitted by section 3651 for any violation *occurring during the probation period.*[3] This is clear also from the cases construing the former statute which provided that the defendant might be

---

1. As a matter of fact the conviction was in Dallas County, also in the Northern District.

2. Cf. United States v. Hollien, D.C.Mich., 105 F.Supp. 987.

3. Thus it will be observed the *probation officer* may arrest for cause, without a warrant, *during the probation period.* The *court,* on the other hand, may issue a warrant of arrest *within five years,* even after expiration of the probationary period, and revoke a suspended sentence, *but only for a violation occurring during the probationary period.*

arrested and his suspended sentence revoked " 'At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced' ". United States v. Moore, 2 Cir., 101 F.2d 56, 57.[4]

The Clerk will issue a warrant for the arrest of defendant Sanchez and a hearing will be held later at which time defendant may show cause, if any, why the suspended sentence should not be revoked. The Clerk also will notify counsel and furnish copies of this memorandum to the Probation Officer at Corpus Christi, Brownsville and Houston.

---

4. Cf. also Mitchem v. U. S., 5 Cir., 193 F.2d 55; Hollandsworth v. U. S., 4 Cir., 34 F.2d 423.